```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
KENNETH BAILEY,                      :
                                     :
                Plaintiff,           :          08 Civ. 8563 (JSR)
                                     :
                                     :
                - v -                :
                                     :
GEORGE PATAKI, et al.,               :
                                     :
                Defendants.          :
------------------------------------x
------------------------------------x
GEORGE BROOKS,                       :
                                     :
                Plaintiff,           :          08 Civ. 8665 (JSR)
                                     :
                - v -                :
                                     :
GEORGE PATAKI, et al.,               :
                                     :
                Defendants.          :
------------------------------------x
------------------------------------x
LOUIS MASSEI,                        :
                                     :
                Plaintiff,           :          08 Civ. 8923 (JSR)
                                     :
                - v -                :
                                     :
GEORGE PATAKI, et al.,               :
                                     :
                Defendants.          :
------------------------------------x
------------------------------------x
JORGE BURGOS, JR.,                   :
                                     :
                Plaintiff,           :          08 Civ. 8924 (JSR)
                                     :
                - v -                :
                                     :
GEORGE PATAKI, et al.,               :
                                     :
                Defendants.          :
------------------------------------x
```

```
-----------------------------------x
ROBERT TROCCHIO,                    :
                                    :
            Plaintiff,              :      08 Civ. 8925 (JSR)
                                    :
            - v -                   :
                                    :
GEORGE PATAKI, et al.,              :
                                    :
            Defendants.             :
-----------------------------------x
-----------------------------------x
ROBERT WARREN,                      :
                                    :
            Plaintiff,              :      08 Civ. 9609 (JSR)
                                    :
            - v -                   :
                                    :
GEORGE PATAKI, et al.,              :
                                    :
            Defendants.             :
-----------------------------------x
```

<u>MEMORANDUM ORDER</u>

JED S. RAKOFF, U.S.D.J.

Plaintiffs in these consolidated cases move pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings against the supervisory official defendants (the "defendant officials"), namely, George Pataki, Eileen Consilvio, Glenn S. Goord, Sharon Carpinello, Michael Giambruno, James Conway, Paul Annetts, Joseph F. David, William Powers, Leo E. Payant, Robert Dennison, Dale Artus, Jeffrey Tedford, and William J. Sackett. Plaintiffs also move to strike as a matter of law most of the affirmative defenses pleaded by the aforementioned defendant officials and by the physician defendants (the "defendant physicians"), namely, Emilia Rutigliano, Prabhakar Gumbula, Olusegun

Bello, Allan Wells, Abadul Qayyum, Charles Chung, Ayodeji Somefun, Michael Kunz, Lawrence Farago, Luis Hernandez, Samuel Langer, Jean Liu, and Mary Ann Ross.

After careful review of the parties' submissions, the Court denies both the motion for judgment on the pleadings and the motion to strike affirmative defenses. In the discussion that follows, the Court presumes full familiarity with the Court's prior rulings.

The Court turns first to the motion for judgment on the pleadings. Under Fed. R. of Civ. P. 12(c), a party is entitled to judgment on the pleadings "only if it has established 'that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law.'" <u>Juster Assocs. v. Rutland</u>, 901 F.2d 266, 269 (2d Cir. 1990) (quoting 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368). The factual allegations of the non-moving party are assumed to be true and all reasonable inferences drawn in that party's favor. <u>See Ad-Hoc Committee of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College</u>, 835 F.2d 980, 982 (2d Cir. 1987) ("the same standards that are employed for dismissing a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) are applicable" in the context of a Rule 12(c) motion).

Previously, the Court, on defendants' motion to dismiss the Complaints, held that plaintiffs had alleged a deprivation of a constitutionally protected liberty interest without adequate due

process in violation of 42 U.S.C. § 1983.  Opinion and Order, dated July 10, 2009 ("July Opinion"), at 5.  Specifically, plaintiffs had adequately alleged that involuntary commitment to a psychiatric facility pursuant to the procedures of Article 9 of the New York Mental Hygiene Law ("Article 9"), as opposed to the procedures of New York Correction Law § 402 ("Correction Law § 402"), was constitutionally deficient.  Id. at 9.

According to plaintiffs, defendants' Answers concede that plaintiffs were involuntarily committed pursuant to the procedures in Article 9, not those in Correction Law § 402, and that defendant officials acted under color of law.  Hence, plaintiffs argue, they are entitled to judgment on the pleadings against the officials for violation of § 1983.  See Bailey Memorandum of Points and Authorities in Support of Plaintiff's Motion for Judgment on the Pleadings and to Strike Affirmative Defenses at 9-10; Brooks Memorandum of Points and Authorities in Support of Plaintiff's Motion for Judgment on the Pleadings and to Strike Affirmative Defenses at 8-9; Burgos Memorandum of Points and Authorities in Support of Plaintiff's Motion for Judgment on the Pleadings and to Strike Affirmative Defenses at 9-10; Massei Memorandum of Points and Authorities in Support of Plaintiff's Motion for Judgment on the Pleadings and to Strike Affirmative Defenses at 9-10; Trocchio Memorandum of Points and Authorities in Support of Plaintiff's Motion for Judgment on the Pleadings and to Strike Affirmative Defenses at 9-10; Warren

4

Memorandum of Points and Authorities in Support of Plaintiff's Motion for Judgment on the Pleadings and to Strike Affirmative Defenses at 10-11. But whereas the July Opinion, which denied defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), necessarily assumed the truth of all the factual allegations in plaintiffs' Complaints, on a motion by plaintiffs for judgment on the pleadings the Court must assume as true all well-pleaded allegations in defendants' Answers, which, in the case of the Answers here, go well beyond the narrow concessions on which plaintiffs seek to rely. See Madonna v. United States, 878 F.2d 62, 65 (2d Cir. 1989) ("In evaluating a Rule 12(c) motion, the court must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party.").

To begin with, while all of the defendant officials have admitted that plaintiffs were committed because they met the standards of Article 9 for such commitment, some of the defendants have denied that the procedures used for some of the plaintiffs did not also meet the requirements of Correction Law § 402. See, e.g., Def. Officials' Answers ¶¶ 4, 7. More importantly, all of the defendant officials assert that they are entitled to qualified immunity because their actions were objectively reasonable. Bailey Def. Officials' Answer ¶ 39; Brooks Def. Officials' Answer ¶ 36; Burgos Def. Officials' Answer ¶ 37; Massei Def. Officials' Answer ¶ 36; Trocchio Def. Officials' Answer ¶ 37; Warren Def. Officials'

Answer ¶ 47; see also Defendants' Memorandum of Law in Opposition to
Motions for Judgment on the Pleadings and to Strike Affirmative
Defenses ("Def. Mem. Opp.") at 7-8.  In its July Opinion this Court
denied defendant officials' motion to dismiss plaintiffs' complaints
on the basis of qualified immunity, finding that at that stage of the
litigation, without the benefit of discovery, the Court could not
find that defendants were entitled to qualified immunity as a matter
of law; but the Court gave them leave to raise the defense again at
the close of discovery when a more complete factual predicate for
making that determination would be available to the Court.  July
Opinion at 14.  Nothing in the defendants' Answers eliminates this
opportunity.  See Def. Officials' Answers, op. cit.

     It may also be noted that, even if the pleadings were viewed --
as the Court distinctly does not view them -- to concede due process
violations and a lack of qualified immunity, plaintiffs' motion for
judgment on the § 1983 claim would still fail because the pleadings
fail to establish the defendant officials' personal involvement.  See,
e.g., Bailey Def. Officials' Answer ¶¶ 7-9, 20-21, 26, 29-31; Brooks
Def. Officials' Answer ¶¶ 7-9, 20, 25, 27-29; Burgos Def. Officials'
Answer ¶¶ 7-9, 19-20, 25, 29-30; Massei Def. Officials' Answer ¶¶ 7-9,
19, 22, 27-28; Trocchio Def. Officials' Answer ¶¶ 7-9, 19-20, 24, 29-
30; Warren Def. Officials' Answer ¶¶ 7-9, 23-24, 29, 34-35, 40; see
also Def. Mem. Opp. at 8-9, 11-12.

     As for plaintiffs' conspiracy claims under Section 1983 and 42

6

U.S.C. § 1985, defendants' Answers nowhere concede the existence of an agreement, which is the sine qua non of any conspiracy claim.

Finally, as for plaintiffs' "wrongful confinement" claims, quite aside from defendants' assertion that some of these claims are barred by the relevant statue of limitations, see Massei Plaintiff's Reply Memorandum in Further Support of Motion for Judgment on the Pleadings and to Strike Affirmative Defenses at 8-9; Trocchio Reply Memorandum in Further Support of Motion for Judgment on the Pleadings and to Strike Affirmative Defenses at 9; Warren Reply Memorandum in Further Support of Motion for Judgment on the Pleadings and to Strike Affirmative Defenses at 8-9, the allegations in the Answers regarding the purpose and duration of plaintiffs' commitment, not to mention qualified immunity, preclude judgment on the pleadings.  See, e.g., Bailey Def. Officials' Answer ¶¶ 8-9, 16-19, 25-26, 31-32; Brooks Def. Officials' Answer ¶¶ 8-9, 15-18, 25, 27-29; Burgos Def. Officials' Answer ¶¶ 8-9, 16-18, 25, 29-30; Massei Def. Officials' Answer ¶¶ 8-9, 14-17, 22, 27-29; Trocchio Def. Officials' Answer ¶¶ 8-9, 15-17, 27-30; Warren Def. Officials' Answer ¶¶ 8-9, 20-22, 29, 34, 37, 40; see also Bailey Def. Mem. Opp. at 10-11; Brooks Def. Mem. Opp. at 10-11; Burgos Def. Mem. Opp. at 10-11; Massei Def. Mem. Opp. at 10; Trocchio Def. Mem. Opp. at 10; Warren Def. Mem. Opp. at 10-11.

Accordingly, for the foregoing reasons, plaintiffs' motion for judgment on the pleadings is denied in its entirety.

Turning now to plaintiffs' motions to strike the affirmative

defenses of both the defendant officials and the defendant physicians, motions to strike are disfavored and should not be granted "unless there is a strong reason for so doing." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). Most of the affirmative defenses here proffered are standard boilerplate defenses that are unlikely to survive to the end of trial, e.g., defendants' first affirmative defense that the Complaints fail to state a claim upon which relief can be granted. Other defenses, such as defendants' third affirmative defense that the Complaints are barred in whole or in part by the Eleventh Amendment, are seemingly asserted to avoid waiver. Still others, such as the fifth affirmative defense of qualified immunity, are genuinely viable, at least at this stage. But in no respect have plaintiffs been prejudiced by the presence of these affirmative defenses during the discovery stage of this case (which is now almost completed) and consequently there is no compelling reason to grant this motion.

Accordingly, plaintiffs' motion pursuant to Fed. R. Civ. P. 12(f) to strike defendants' affirmative defenses, like plaintiffs' motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), is denied in its entirety. The Clerk of the Court is directed to close document number 39 on the docket of 08 Civ. 8563, document number 36 on the docket of 08 Civ. 8665, document number 32 on the docket of 08 Civ. 8924, document number 36 on the docket of 08 Civ. 8923, document number 34 on docket 08 Civ. 8925, and document number 35 on docket 08

Civ. 9609.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:     New York, New York
           January 12, 2010